**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EXECJET CHARTER, INC.,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL P. HUERTA, Administrator of the Federal Aviation Administration,<br><br>Respondent. | No. 14-71735<br><br>FAA No. EA-5714<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Federal Aviation Administration

Submitted June 6, 2016[**]
Pasadena, California

Before: FERNANDEZ, RAWLINSON, and BEA, Circuit Judges.

Execjet Charter, Inc. ("Execjet") petitions for review of a final order of the

National Transportation Safety Board ("NTSB"), which affirmed the Federal

Aviation Administration's ("FAA") revocation of Execjet's air carrier certificate.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 49 U.S.C. § 1153(a). We must uphold the NTSB's decision unless it is arbitrary, capricious, an abuse of discretion, or not otherwise in accordance with law. *Essery v. Dep't of Transp.*, 857 F.2d 1286, 1288 (9th Cir. 1988). The NTSB's factual findings are conclusive when supported by substantial evidence in the record. *Id.* We deny the petition for review.

## I. Agency Findings

1.     "No person may operate as a direct air carrier without holding appropriate economic authority from the Department of Transportation." 14 C.F.R. § 119.5(i). Substantial evidence supports the agency's finding that Execjet lacked economic authority. At a hearing before an Administrative Law Judge ("ALJ") in February 2013, Execjet's representative testified that he received notice from the Department of Transportation in March 2012 that the Department cancelled Execjet's economic authority.

2.     "Each certificate holder must have sufficient qualified management and technical personnel to ensure the safety of its operations," including a Director of Maintenance. *Id.* § 119.69(a)(3). Substantial evidence supports the agency's finding that Execjet lacked a Director of Maintenance. The FAA offered into evidence an October 2011 email from Execjet's Director of Maintenance to the FAA. The Director wrote that he would no longer act as Execjet's Director of

2

Maintenance "[e]ffective immediately." Furthermore, an FAA inspector testified before the ALJ that no replacement Director of Maintenance had been approved for Execjet since October 2011.

3. "Each certificate holder must have the exclusive use of at least one aircraft . . . ." *Id.* § 135.25(b). Substantial evidence supports the agency's finding that Execjet lacked exclusive use of at least one aircraft. The FAA offered into evidence a December 2011 email from Execjet to the FAA. Execjet wrote that it no longer had operational control of aircraft N408MG, which was its only remaining aircraft. Furthermore, Execjet's representative testified before the ALJ that the aircraft had been repossessed by a bank.

## II. Amendment to the Order of Revocation

The FAA's original Order of Revocation[1] alleged, *inter alia*, that Execjet's economic authority was terminated "[o]n or about January 31, 2012," and that the termination was effective "November 15, 2011, the date Execjet's insurance for civil aircraft N408MG lapsed."[2] At the beginning of the ALJ hearing, the FAA amended this allegation to state that "[b]y letter dated March 1, 2012, the [agency]

---

[1] The FAA's Order of Revocation is also referred to as its complaint.

[2] *See* 14 C.F.R. § 205.3(a) ("[An] air carrier shall not engage in air transportation unless it has in effect aircraft accident liability insurance coverage that meets the requirements of this part for its air carrier . . . operations.")

3

terminated Execjet's Economic Authority based upon the fact that Execjet's insurance lapsed on or about November 15, 2011." Execjet objected, and it argues that amending the Order of Revocation at the beginning of the hearing violated the agency's obligation to give pre-hearing notice of its charges against Execjet. *See* 49 U.S.C. § 44709(c). Execjet's argument is without merit. The original Order of Revocation alleged that Execjet lacked economic authority. That was sufficient to put Execjet on notice that the agency sought to revoke Execjet's certificate based on its lack of economic authority. The amendment at the hearing was only a technical change to correct the date on which the agency notified Execjet about the termination of economic authority.

### III. Claims of Reversible Error

Execjet claims that the ALJ committed reversible error because the ALJ did not allow Execjet to cross-examine the agency's witness or to present its affirmative defenses. These claims are refuted by the hearing transcript. Execjet's representative cross-examined the agency's witness and attempted to show that the agency acted in bad faith. The ALJ interrupted the cross-examination only because Execjet's representative asked questions that were argumentative or irrelevant. This was not error.

**PETITION DENIED.**